## BLOCK v. ST. LOUIS, I. M. & S. RY. CO.

### (Circuit Court of Appeals, Fifth Circuit. February 21, 1916.)

### No. 2833.

1. PLEADING ⬅228—DEMURRER OR EXCEPTIONS—OVERRULING—JUDGMENT.

Under Rev. Code Prac. La. art. 329, providing that, when the defendant in his answer alleges on his part new facts, they shall be considered denied, and neither replication nor rejoinder shall be admitted, where an answer was filed, and a cause fixed for trial on the merits, and on the day set for the trial defendant filed a further answer or plea of estoppel, the court, in overruling exceptions to such plea, erred in dismissing the case, as, a jury not having been waived by the parties, the questions of fact involved were for a jury.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 584-590; Dec. Dig. ⬅228.]

2. ESTOPPEL ⬅3(2)—BY PLEADING—"ACCIDENTAL."

Where plaintiff was injured when the steamboat upon which he was riding collided with a bridge owned and maintained by defendant, allegations in an action on an accident insurance policy that he incurred a bodily injury by accidental means caused directly, solely, and independently of all other causes and means, and allegations in an action against defendant that the accident was due to defendant's negligence, were not inconsistent, as the injury was "accidental," as between plaintiff and the insurance company, and within the meaning of the insurance policy, but many accidents are traceable more or less remotely to the negligence of third parties (citing Words and Phrases, Accidental).

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 3; Dec. Dig. ⬅3(2).]

In Error to the District Court of the United States for the Western District of Louisiana; Aleck Boarman, Judge.

Action by Maurice Block against the St. Louis, Iron Mountain & Southern Railway Company. The action was dismissed, and plaintiff brings error. Reversed and remanded.

This case comes up on a writ of error from a judgment sustaining a plea of estoppel to an action for damage for personal injuries. On May 2, 1913, plaintiff was a passenger on the steamboat Concordia, which came into collision with a bridge owned and maintained by defendant across the Tensas river, in the Western district of Louisiana, as a result of which plaintiff sustained severe injuries, including the loss of one arm at the shoulder. The original suit was filed in the state court, and was removed by defendant to the United States District Court, where defendant filed certain exceptions, and where plaintiff filed a motion to remand to the state court. The motion to remand was withdrawn on the undertaking of defendant's counsel to waive the exceptions and file an answer to the merits. This answer was filed, and the case was fixed for trial on the merits, when, on the day set for trial, to wit, May 3, 1915, defendant filed a further answer herein, called a plea, in which it was set up that plaintiff had filed a suit in the city of Memphis on August 4, 1913, against the Great Eastern Casualty Company on a policy of insurance, claiming indemnity because of the injuries sustained at the time of the wreck of the Concordia, in which plaintiff alleged "he incurred a bodily injury by accidental means and caused directly, solely, and independently of all other causes or means, which necessitated the amputation by surgical operation of plaintiff's left arm at the shoulder." By this plea defendant urged that plaintiff was estopped from setting up in a suit against defend-

ant that the accident was due to defendant's gross negligence and want of care.

To this so-called plea plaintiff filed the following exceptions: "Now comes the above-named plaintiff, through his undersigned counsel, and excepts to and opposes the filing of the plea of estoppel herein filed by defendant this day, on the ground that the same comes too late, that the issues herein have been made up, that the bill in chancery referred to in said plea appears on its face to have been filed prior to the institution of this suit, and in the alternative, on the ground that said plea is insufficient and without merit on its face, and prays its dismissal."

On hearing the exception, the court below entered the following judgment: "This cause came on to be heard at this time on the plea of estoppel filed herein by the defendant St. Louis, Iron Mountain & Southern Railway Company on the 3d day of May, A. D. 1915, the same being taken up, evidence adduced, tried, argued by counsel for the plaintiff and the defendant, and submitted; and it appearing to the court that the law and the evidence is in favor thereof and in favor of the St. Louis, Iron Mountain & Southern Railway Company, and against the plaintiff in this cause, Maurice Block, and upon consideration thereof, it is thereupon by the court ordered, adjudged, and decreed that the said plea of estoppel of the defendant St. Louis, Iron Mountain & Southern Railway Company be and the same is hereby sustained, and the demands of the plaintiff, Maurice Block, be and the same are hereby rejected, and the suit dismissed at his own cost. Thus done, read, and signed in open court at Alexandria, within the Western district of Louisiana, on this the 5th day of May, A. D. 1915."

John P. Miller, of New Orleans, La., for plaintiff in error.
Henry Bernstein, of Monroe, La., for defendant in error.

Before PARDEE and WALKER, Circuit Judges, and GRUBB, District Judge.

PARDEE, Circuit Judge. [1] The record showing that the case was at issue upon the answers (Rev. Code of Prac. La. art. 329), the questions involved were questions of fact, and the issues were for a jury, and, a jury not having been waived by the parties, it was error to dismiss the case.

[2] As the error requires a reversal, and on a new trial the question of estoppel claimed in the plea may be again urged, we consider it proper to say that we see no inconsistency between the allegations of plaintiff in this suit as to the negligence of the defendant in the construction of the railway bridge, which it is claimed caused the injury to the Concordia resulting in the accidental injury to the plaintiff, and his alleged allegations in his declaration in his suit against the insurance company. As between the plaintiff, without fault, and the insurance company, and within the meaning of the insurance policy, the injury was accidental, and he might well aver that "on the steamer Concordia he incurred a bodily injury by accidental means, and caused directly, solely, and independently of all other causes or means," etc. See adjudged cases in point cited volume 1, Words and Phrases, pp. 62, 63. Many accidents are traceable more or less remotely to the negligence of third parties, and the plaintiff's right of recovery depends upon his ability to prove that the proximate cause, the causa causans, of his injury was the negligence of the defendant.

The judgment is reversed, and the cause is remanded for further proceedings according to law.